UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| SES LLC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. _____ |
| | ) | |
| DRAGON CAVE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff SES LLC ("SES") files this Complaint against Defendant Dragon Cave, LLC ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Defendant's ongoing federal trademark infringement and unfair competition involving certain trade and service marks licensed by SES, as well as Defendant's conversion of a computer server owned by SES. Defendant continues to use infringing names that are identical or confusingly similar to at least two such trade and service marks at its gaming facility without SES's consent or permission, including on the computer server owned by SES and converted by Defendant. SES asserts claims against Defendant for federal trademark infringement (Count I), federal unfair competition (Count II), conversion (Count III), the imposition of a constructive trust (Count IV) and declaratory judgment (Count V).

## FACTUAL BACKGROUND

**I.  Parties, Venue and Jurisdiction.**

2. SES LLC is a North Carolina limited liability company with its principal place of business located at 415 N Polk Street, Suite A, Pineville, North Carolina 28134.

3. As part of its business, SES licenses the use of certain hardware and software to gaming facilities in the State of North Carolina, including related computer servers containing such software.

4. Upon information and belief, Defendant is a North Carolina limited liability company with its principal place of business located at 201 Hyco St., Norlina, North Carolina 27563. Defendant may be served through its registered agent and member, Mamdoh Abouemara, located at 820 Watkins St., South Hill, Virginia 23970 and at 201 Hyco St., Norlina, North Carolina 27563.

5. Upon information and belief, Defendant controls, operates and manages a gaming facility located at 201 Hyco St., Norlina, North Carolina 27563 (the "Facility").

6. This Court has subject matter jurisdiction in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a) and (b).

7. Venue is proper in this Court under 28 U.S.C. § 1391.

## II. Pen-Tech and Its PEN-TECH Marks.

8. SES was formed in 2016, and SES has operated continuously since then.

9. During the course of its business, SES has licensed certain intellectual property rights, including various trade and service marks, from Pen-Tech Associates, Inc. ("Pen-Tech").

10. SES has licensed trademarks using various names and logos to identify its gaming hardware and software products and related services, including those with those with U.S. Registration Nos. 5,831,028, 6,037,606, 6,037,607, 5,664,761, 6,266,995 (collectively, the "PEN-TECH Marks"), owned by Pen-Tech. True and correct copies of federal trademark registrations for the PEN-TECH Marks are attached as Exhibit 1.

11. The PEN-TECH Marks are well-known in the industry through their widespread, continuous and prominent use by Pen-Tech and its licensees, including by SES, in interstate commerce.

12. The federal registrations of the PEN-TECH Marks remain valid and are in full force and effect. Such registrations constitute evidence of Pen-Tech's exclusive right to use and control the PEN-TECH Marks in connection with gaming software and related services.

13. Pen-Tech also owns common law rights to its PEN-TECH Marks by virtue of its widespread, continuous and prominent use of the PEN-TECH Marks to market, advertise, distribute, offer for sale and sell the gaming software and related services offered by Pen-Tech and its licensees, including SES.

14. Pen-Tech is the owner of all right, title and interest in and to the PEN-TECH Marks, which serve to uniquely identify Pen-Tech's gaming software and related services. The PEN-TECH Marks are inherently distinctive and serve to identify and indicate Pen-Tech as the source of gaming software and related services to the relevant consuming public throughout the United States.

15. SES is the exclusive licensee for Pen-Tech Marks and gaming software in the State of North Carolina and Pen-Tech has expressly authorized SES to enforce Pen-Tech's right, title and interest in and to the PEN-TECH Marks against Defendant.

**III.     Defendant's Infringement of the PEN-TECH Marks.**

16. Upon information and belief, Defendant operates the Facility and, for some period of time, has marketed, advertised, offered for sale, distributed, and sold in interstate commerce its goods and services using identical or virtually identical names and designs as the PEN-TECH Marks (the "Infringing Names").

17. On May 20, 2021, Pen-Tech's counsel sent Defendant a letter informing Defendant of its infringement of the PEN-TECH Marks, including at the Facility and through the use of the Infringing Names. A true and correct copy of the letter from Pen-Tech's counsel to Defendant dated May 20, 2021 (the "May 20th Letter"), is attached as Exhibit 2.

18. Defendant failed and refused to respond to the May 20th Letter and continued its infringement of the PEN-TECH Marks, including at the Facility and through the use of the Infringing Names.

19. Defendant had actual and constructive knowledge of Pen-Tech's widespread, continuous, and prominent use of the PEN-TECH Marks prior to Defendant's use of the Infringing Names.

20. Defendant knowingly and willingly sought to benefit from the substantial goodwill and fame in the PEN-TECH Marks by using the Infringing Names to identify, market, advertise, distribute, offer for sale and sell Defendant's own various goods and services, including gaming software and related services.

21. Neither Pen-Tech nor SES has ever authorized, permitted, or licensed Defendant to use any variation of any of the PEN-TECH Marks.

22. Defendant's use of the Infringing Names on its competing goods and services, including gaming software and related services, is likely to confuse, mislead and deceive the relevant consuming public by falsely suggesting that Defendant's goods or services are endorsed, sponsored, manufactured, distributed, marketed, or sold by Pen-Tech or SES, which they are not.

23. Defendant's unlawful conduct has resulted, and unless preliminarily and permanently restrained by the Court, will continue to result in unjust enrichment for Defendant and irreparable harm to SES, for which SES lacks an adequate remedy at law.

## IV. Defendant's Conversion of SES's Server.

24. As part of its business, SES licenses the use of certain computer servers to its customers in the State of North Carolina, including computer servers containing gaming software using the PEN-TECH Marks.

25. SES licensed one such server with server tag number 21.3.18.28772 (the "Server") to one of its customers in the State of North Carolina, which includes gaming software using the PEN-TECH Marks.

26. SES never authorized or consented to any transfer of the Server from the possession, custody, or control of its customer.

27. Without SES's knowledge or consent, however, the Server was lost or stolen from the possession, custody, and control of SES's customer.

28. In May 2021, SES learned that the Server was in the possession, custody, and control of Defendant at the Facility.

29. Upon learning of the location of the Server, SES's employees visited the Facility and discovered that Defendant was using the Server as part of its business without SES's authorization, knowledge or consent.

30. In visiting the Facility, SES discovered that Defendant was using the Server to sell, offer for sale, market, and advertise Defendant's competing goods and services using the PEN-TECH Marks.

31. Although SES demanded the return of the Server from Defendant, including during a visit to the Facility by SES, Defendant has failed and refused to return the Server to SES's possession, custody, or control.

32. SES has never authorized or consented to allow Defendant to have possession, custody, or control of the Server, and SES is the rightful owner of the Server.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

33. SES incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 32 above.

34. Defendant's use of the Infringing Names has caused, and is likely to cause, confusion, mistake or deception, and constitutes infringement of the PEN-TECH Marks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

35. Defendant's conduct has caused damage to SES and its business.

36. Unless preliminarily and permanently enjoined, Defendant's conduct will cause SES irreparable injury for which SES lacks an adequate remedy at law.

37. SES is entitled to recover from Defendant all damages it has sustained from Defendant's unlawful and infringing conduct, as well as the profits Defendant has obtained from such conduct, in an amount to be proved at trial and to be trebled pursuant to 15 U.S.C. § 1117.

38. Defendant's conduct has been willful and deliberate, and amounts to exceptional circumstances, justifying an award of reasonable attorneys' fees and costs to SES pursuant to 15 U.S.C. § 1117.

## COUNT II – FEDERAL UNFAIR COMPETITION

39. SES incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 38 above.

40. Defendant's use of the Infringing Names has caused, and is causing, a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendant's goods and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. Defendant's use of the Infringing Names falsely suggests that Defendant or its goods or services are affiliated with, connected with, endorsed by, sponsored by or approved by Pen-Tech or SES, which they are not, in violation of 15 U.S.C. § 1125(a)(1)(A).

42. Defendant's conduct has caused damage to SES and its business.

43. Unless preliminarily and permanently enjoined, Defendant's conduct will cause SES irreparable injury for which SES lacks an adequate remedy at law.

44. SES is entitled to recover from Defendant all damages it has sustained from Defendant's unlawful and infringing conduct, as well as the profits Defendant has obtained from such conduct, in an amount to be proved at trial and to be trebled pursuant to 15 U.S.C. § 1117.

45. Defendant's conduct has been willful and deliberate, and amounts to exceptional circumstances, justifying an award of reasonable attorneys' fees and costs to SES pursuant to 15 U.S.C. § 1117.

## COUNT III – CONVERSION

46. SES incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 45 above.

47. The Server is and at all times has been personal property owned by SES.

48. Without authorization, permission or other legal right, Defendant has caused the Server to be removed from the possession and control of SES, or alternatively has continued to exercise dominion and control over the Server and unlawfully prevented SES from exercising dominion and control over its own personal property – the Server.

49. The above acts of conversion and such other acts of conversion by Defendant as may be shown during discovery and trial have damaged SES in an amount to be determined at trial.

7

Case 4:21-cv-00129-BO    Document 1    Filed 08/30/21    Page 7 of 12

## COUNT IV – IMPOSITION OF A CONSTRUCTIVE TRUST

50. SES incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 49 above.

51. Defendant has by conversion or other unlawful means acquired possession of the Server which make it inequitable for it to retain possession of the Server.

52. To the extent Defendant has obtained monetary gain by virtue of its use, lease, license, sale or other improper action with respect to the Server, Defendant has been unjustly enriched at the expense of SES.

53. As a result, until such time as Defendant has returned the Server, any monies received by Defendant to date or in the future as a result of the use, lease, license, gift, or other improper action by Defendant with respect to the Server are to be held by Defendant for the benefit of SES, and SES is entitled to the imposition of a constructive trust with respect to all such monies.

## COUNT V – DECLARATORY JUDGMENT

54. SES incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 53 above.

55. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court may declare the rights of any interested party seeking such a declaration in the case of an actual controversy of a justiciable nature.

56. In light of the refusal of Defendant to return the Server after a demand for the same, upon information and belief, Defendant contends that it is the rightful owner of the Server.

57. As a result of Defendant's (albeit erroneous) contention that it owns the Server and SES's actual ownership of the Server, there is a justiciable controversy between SES and Defendant with respect to the ownership of the Server.

58. A declaration of rights pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, would resolve the uncertainty to SES and Defendant caused by Defendant's claimed ownership of the Server.

59. SES is entitled to a declaration of this Court defining the respective rights between itself and Defendant, and declaring that the Server is in fact owned by SES and that Defendant has no ownership interest therein.

60. As a result, SES is also entitled to an Order from the Court compelling Defendant to surrender possession of the Server and return it to SES.

## **PRAYER FOR RELIEF**

WHEREFORE, SES prays for the following relief:

A. Judgment in SES's favor on all claims asserted against Defendant;

B. An order from the Court preliminarily and permanently enjoining Defendant and its affiliates, subsidiaries, parents, employees, officers, directors, agents, representatives and all others working in concert with Defendant from:

    1) Using the Infringing Names and any marks or names that are so similar to the PEN-TECH Marks to create a likelihood of confusion, mistake or deception;

    2) Doing any other act likely to induce the mistaken belief that Defendant or its goods or services are in any way affiliated with, connected with, endorsed by, certified by or associated with SES or Pen-Tech;

3) That the Court order Defendant to file with the Court and serve on SES, within thirty (30) days of the issuance of such order, a report in writing and under oath setting forth in detail the manner and form of Defendant's compliance with all Court-ordered injunctive relief;

4) Using the Server or otherwise acting in a way indicating ownership of the Server;

C. An award to SES of the actual and compensatory damages caused to SES by Defendant's unlawful and infringing conduct, and a disgorgement of all profits made by Defendant from their unlawful and infringing conduct, in an amount to be proven at trial and trebled pursuant to 15 U.S.C. § 1117;

D. An award to SES of the actual and compensatory damages to SES as a result of Defendant's conversion of the Server to its dominion and control;

E. For the imposition of a constructive trust over any monies received by Defendant to date or in the future as a result of the use, lease, license, gift, or other improper action by Defendant with respect to the Server;

F. For a judgment from the Court declaring that the Server is in fact owned by SES and that Defendant has no ownership interest therein;

G. For an Order compelling Defendant to surrender possession of the Server and return it to SES;

H. An award to SES of the reasonable attorneys' fees and costs incurred by SES in this matter;

I. An award of pre-judgment interest against Defendant; and

J. Such other relief to SES as the Court deems just and proper.

This the 30th day of August, 2021.

                              WYRICK ROBBINS YATES & PONTON LLP

                              By: /s/ Charles George
                                  Charles George
                                  (NC Bar No. 21003)
                                  Post Office Drawer 17803
                                  Raleigh, North Carolina 27619-7803
                                  Telephone: 919-781-4000
                                  Facsimile: 919-781-4865
                                  cgeorge@wyrick.com

                                  *Attorney for Plaintiff SES LLC*

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a copy of the foregoing Complaint was filed with the Court's CM/ECF system, and served via United States Mail, postage pre-paid to the following:

Dragon Cave, LLC
c/o Mamdoh Abouemara, Registered Agent
820 Watkins St.
South Hill, Virginia 23970
*Defendant*

Dragon Cave, LLC
c/o Mamdoh Abouemara, Registered Agent
201 Hyco St.
Norlina, North Carolina 27563
*Defendant*

This the 30th day of August, 2021.

                                            /s/ Charles George
                                            Charles George